IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-73,115-01






EX PARTE ARTHUR LEE PIERSON, JR, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. C-371-008922-0951439-A IN THE 371ST DISTRICT COURT


FROM TARRANT COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of four counts of
aggravated sexual assault of a child and sentenced to 99 years' imprisonment on each count. The
Second Court of Appeals affirmed his conviction. See Pierson, Jr. v. State, No. 2-06-271-CR, (Tex.
App.-- Fort Worth, 2008, pet. ref'd.) (not designated for publication). 

 Applicant alleges, inter alia, that trial counsel rendered ineffective assistance because
counsel failed to object to Donna Duclow's testimony on the ground of "improper bolstering" thus
not preserving the error for appellate review, counsel opened the door to the introduction of evidence
concerning Applicant's confinement in an unrelated cause during the guilt phase of trial, and counsel
failed to use Child Protective Services records from a 2001 investigation to impeach the
complainant's testimony.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984). In these circumstances, additional facts are needed. As we held in Ex parte
Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for
findings of fact. The trial court shall order Applicant's trial counsel to file an affidavit response to
Applicant's claims for habeas relief. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d) to resolve the fact issues. In the appropriate case, the trial court may rely
on its personal recollection. Id. 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the performance of Applicant's trial
attorney was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. 
Specifically, the trial court shall make findings of fact as to whether counsel failed to object to 
Duclow's testimony on the ground of "improper bolstering" thus not preserving the error for
appellate review, whether counsel opened the door to the introduction of evidence concerning
Applicant's confinement in an unrelated cause during the guilt phase of trial, and whether counsel 
failed to use Child Protective Services records from a 2001 investigation to impeach the
complainant's testimony. The trial court shall also make any other findings of fact and conclusions
of law that it deems relevant and appropriate to the disposition of Applicant's claims for habeas
corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: February 3, 2010

Do not publish